UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

            Plaintiff,

v.                                                   Case No. 17-cv-669-pp

SCOTT ECKSTEIN, JOHN KIND,
JEAN LUTSEY, CAPTAIN BRANDT,
CATHY FRANCOIS, JON LITSCHER,
CATHY JESS, JIM SCHWOCHERT,
AND STEVE SCHMIDT,

            Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 5), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 5. This order resolves the motion and screens the complaint.

**I.**     **Motion for Leave to Proceed without Prepayment of the Filing Fee**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain

1

conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On May 15, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $17.17. Dkt. No. 4. The plaintiff paid that fee on June 5, 2017. Accordingly, the court will grant the plaintiff's motion. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

## II.    Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.(citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-

Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

  A.  The Plaintiff's Allegations

The plaintiff is incarcerated at the Green Bay Correctional Institution (GBCI). Dkt. No. 1 at 1. He has sued Warden Scott Eckstein, Security Director John Kind, Health Service Manager Jean Lutsey, Captain Brandt, Unit Manager Cathy Francois, Clinician Steve Schmidt, Wisconsin Department of Corrections (DOC) Secretary Jon Litscher, DOC Deputy Secretary Cathy Jess (sued as "Kathy Jess") and DOC Administrator Jim Schwochert. Id. at 1-3.

The plaintiff alleges that on September 21, 2016, he was incarcerated at the Waupun Correctional Institution; he says that he was being considered for placement in administrative confinement, but that three people concluded "at the time of the hearing no need to place" him into administrative confinement. Id. at 3. On September 30, 2016, the plaintiff arrived GBCI. Id. at 4. When he arrived, the transporting officer told Captain Stevens (the supervisor, who is not a defendant) that the plaintiff was "general population status;" the plaintiff says that was wearing green clothing. Id. Lieutenant Swiekatowski (who is not a defendant) subsequently placed a temporary lock-up notice on the plaintiff

3

pending administrative confinement review. Id. Defendant Warden Eckstein ordered the temporary lock-up placement. Id. at 8.

The plaintiff asserts that the reason he was moved from Waupun to GBCI was because an officer who was a "purported family member plaintiff's alleged victim" had placed an "SPN" on the plaintiff; he does not explain what an "SPN" is. Id. at 4. He also says that while he was at Waupun, he was in general population except for a brief time in segregation while he was awaiting a lateral transfer to another institution. Id.

On November 30, 2016, defendant Captain Brandt submitted a recommendation for administrative confinement which contained "the same identical information that had already been considered by Waupun Correctional Institution Administrative Confinement Review Committee concluding that no administrative confinement placement was necessary." Id. Defendant Kind reviewed the plaintiff's continuous placement under temporary lock-up status and determined that he should continue in that status. Id.

Defendants Kind, Schmidt, Francois and Lutsey "sat in judgment of plaintiff" and determined that he should be placed on administrative confinement. Id. at 5. They used the same information that the staff at Waupun Correctional Institution had used when that staff had determined that the plaintiff did not need to be placed in administrative confinement. Id. According to the plaintiff, the defendants' decision didn't comport with

4

Wisconsin Administrative Code §DOC 308.04,[1] because they lacked information that the plaintiff's continued presence in general population posed a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution. Id.

The plaintiff claims that the defendants subjected him to "double jeopardy violation" and violated his right to due process, because he already had had a full due process administrative confinement hearing at Waupun Correctional Institution on September 21, 2016. Id. at 5-6. The plaintiff also claims that the defendants violated his right to equal protection when they held a second administrative confinement hearing based on the same information considered at the Waupun hearing. Id. at 6.

The plaintiff asserts that the conditions of confinement on administrative confinement were harsher than those of disciplinary segregation. Id. at 6-7. He says he was totally isolated—he could not communicate with staff or receive food or other items, and the room did not have a window. Id. The cell had no mirror, so he could not shave or groom. Oddly, he says that he had no privacy showering or using the toilet "due to the large picture windows." Id. at 7. The plaintiff alleges that the defendants conspired to have the plaintiff confined there even though he committed no rule infraction or violated any policy. Id. at 8. For relief, he seeks monetary damages. Id. at 9.

---

[1] "DOC 308.04 Administrative Confinement. (1) Administrative confinement is an involuntary nonpunitive status for the segregated confinement of an inmate whose continued presence in general population poses a serious threat to life, property, self, staff, or other inmates, or to the security or orderly running of the institution. Inmate misconduct shall be handled through the disciplinary procedures."

B. <u>Analysis</u>

"There are two steps to any procedural due process analysis. First, the court must identify the protected property or liberty interest at stake. Second, it must determine what process is due under the circumstances." <u>Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.</u>, 741 F.3d 769, 772 (7th Cir. 2013) (citing <u>Omosegbon v. Wells</u>, 335 F.3d 668, 674 (7th Cir. 2003)).

Temporary administrative confinement is an ordinary incident of prison life, which is why the Seventh Circuit has held that "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." <u>Townsend v. Fuchs</u>, 522 F.3d 765, 771 (7th Cir. 2008); <u>see also</u> <u>Lekas v. Briley</u>, 405 F.3d 602, 609 (7th Cir. 2005) ("[I]n every state's prison system, any member of the general prison population is subject, without remedy, to assignment to administrative segregation or protective custody at the sole discretion of prison officials.").

"[T]he requirements of due process are flexible and call for such procedural protections as the particular situation demands." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 224 (2005) (internal citations and quotation marks omitted). Before transferring an inmate to, or retaining him in, a more restrictive prison setting, prison officials must provide that inmate with informal, nonadversarial due process. <u>Westefer v. Neal</u>, 682 F.3d 679, 684 (7th Cir. 2012). This process requires notice of the reasons for the proposed placement and adequate time for the inmate to prepare for a review. <u>Id.</u> The

6

inmate also must have the opportunity to present his views to the official (or officials) who will decide whether to transfer him to segregation. Id. at 685. But informal due process does not require a "full-blown hearing," the right to call witnesses, a written decision of reasons for the transfer, or even an appeal procedure. Id. at 685-86.

In this case, the plaintiff misses the mark on both prongs. First, he was facing placement in administrative confinement, which doesn't invoke a liberty interest. Even if the plaintiff had an arguable liberty interest in avoiding administrative confinement (*i.e.*, if the defendants' decision to place him in administrative confinement was pretextual or if he faced permanent placement in administrative confinement), he alleges only that the defendants violated his right to due process because they subjected him to a "double jeopardy violation" by determining that he should be placed in administrative confinement at GBCI after staff at Waupun previously determined that he shouldn't. "[T]he Fifth Amendment's double jeopardy clause, which is limited to criminal prosecutions, has no application to prison disciplinary proceedings." Rowold v. McBride, 973 F. Supp. 829, 834 (N.D. Ind. 1997) (quoting Hundley v. McBride, 908 F.Supp. 601, 603 (N.D. Ind. 1995); see also Meeks v. McBride, 81 F.3d 717 (7th Cir. 1996). In other words, the plaintiff's stated reason that the second administrative confinement hearing violated his rights doesn't support a claim for relief.

The court concludes that the plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his

claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)). For this reason, the court will dismiss the complaint for failure to state a claim.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 5.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

The court **ORDERS** that the Clerk of Court shall document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $332.83 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the warden of Green Bay Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend the deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**